The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>1. JOHN M. SHEERAN, and<br>3. KEVIN HARPER,<br><br>Defendants. | NO. CR24-184-RSM-1-3<br><br>**PROTECTIVE ORDER**<br>[PROPOSED] |

1.   This Protective Order governs all discovery material in any format (written or electronic) that is produced by the United States in discovery in the above-captioned case.

2.   **Protected Material.** Discovery in this case includes materials and documents from financial institutions, payment platforms, electronic service and phone providers, and other third parties that include personal identifying information (PII). For purposes of this order, PII is defined as Social Security numbers, driver's license numbers, dates of birth, addresses, telephone numbers, email addresses, and bank or other financial account numbers. Redacting the discovery to delete PII from these documents would unnecessarily delay the disclosure of discovery to the defendants and would frustrate the intent of the discovery process, as set forth in the government's motion. For

PROTECTIVE ORDER - 1
*United States v. Sheeran, et al.*, CR24-184-RSM-1-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204
(503) 727-1000

the purposes of this order, the materials described in paragraph 2 are collectively, "Protected Material."

3.  **Sensitive Material.** Discovery also includes extraction files from personal cell phones that contain personal and sensitive information that may be unrelated to this case, including but not limited to personal photographs of minors, family members, defendants, and/or witnesses. It further includes recordings, namely jail calls and video visits, that discuss personal and sensitive information that may be unrelated to this case. For purposes of this order, the materials described in paragraph 3 are collectively, "Sensitive Material."

4.  **Defense Team.** For purposes of this order, "Defense Team" shall be limited to attorneys of record for the defendants and any of the following people working on this matter under the supervision of the attorneys of record: attorneys, investigators, paralegals, law clerks, testifying and consulting experts, and legal assistants. "Defense Team" does not include the defendants.

5.  Defense counsel is required to provide a copy of this Protective Order to members of the Defense Team and obtain written consent from members of the Defense Team of their acknowledgment to be bound by the terms and conditions of this Protective Order, prior to providing any Protected or Sensitive Material to the members of the defense team. Such written consent shall not, however, be required with respect to members of the Defense Team who are employed by the same office as the attorneys of record; in such case, it shall be sufficient for the attorneys of record to provide a copy of this Protective Order to such other members of the Defense Team and to remind them of their obligations under the Order. The written consent need not be disclosed or produced to the United States unless reasonably requested by the Special Attorney or Assistant United States Attorney and ordered by the Court.

6.  **Designations.** The United States shall mark materials containing PII from financial institutions, payment platforms, electronic service and phone providers, and other third parties as "Protected Material."

PROTECTIVE ORDER - 2
*United States v. Sheeran, et al.*, CR24-184-RSM-1-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204
(503) 727-1000

7. Materials extracted from personal cell phones and contained on recordings are Sensitive Material without further designation from the United States.

8. **Restricted Access.** Access to Protected Material and Sensitive Material will be restricted to the Defense Team, with the limited exceptions discussed in paragraphs 9 through 11 below. Members of the Defense Team shall not provide copies of any Protected Material or Sensitive Material to persons outside of the Defense Team, except as specifically set forth below.

9. Members of the Defense Team shall retain custody of all copies of the Protected Material and Sensitive Material, except as discussed below in paragraphs 10 and 11. Members of the Defense Team shall use Protected Material and Sensitive Material only for the purpose of preparing a defense to the charges in this action. Members of the Defense Team may review the Protected Material or Sensitive Material with defendants and witnesses for purposes of trial preparation, provided that witnesses may review the Protected Material or Sensitive Material only in the presence a member of the Defense Team and may not take notes regarding the content of the Protected Material or Sensitive Material.

10. **Review on Pretrial Release.** Defendants who are on pretrial release may review Protected Material and Sensitive Material at the offices of their counsel but are prohibited from printing out, copying, or disseminating Protected Material and Sensitive Material. The Defense Team may, however, provide their client Protected Material that either do not contain any PII or otherwise have been redacted by the Defense Team to remove all PII. The Defense Team may also provide their client with Protected Material with their own client's PII unredacted and/or Sensitive Material.

11. **Review While Detained.**

    a. **Federal Custody.** Defendants who are held at the Federal Detention Center (FDC) will be permitted to review the Protected Material and Sensitive Material, consistent with the regulations established by the BOP, or with their respective counsel in a controlled environment at the FDC, but will be prohibited from printing out, copying,

PROTECTIVE ORDER - 3
*United States v. Sheeran, et al.*, CR24-184-RSM-1-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204
(503) 727-1000

or disseminating the Protected Material and Sensitive Material. Defendants are prohibited from maintaining a copy of the Protected Material or Sensitive Material, or any notes made while reviewing that material, in their cell.

        b.    **State Custody.** Defendants who are in State custody may only review discovery material, including, but not limited to, Protected Material and Sensitive Material in the presence of a member of the Defense Team and may not take notes regarding the content of the discovery material. Members of the defense team shall not print out, copy, or otherwise disseminate any discovery material, including Protected Material and Sensitive Material, to defendants. Defendants are further prohibited from possessing or maintaining a copy, in whole or in part, of any discovery materials while in custody and while this order is in effect, including any discovery materials that are not Protected Material and Sensitive Material.

    12.    **Non-Waiver.** Nothing in this order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. If counsel for a defendant believes that the United States has incorrectly designated material as Protected Material, the parties agree to first confer to attempt to resolve the issue without the need for the Court's intervention. If the parties are unable to resolve the dispute, either counsel is free to raise the issue with the Court by way of a motion.

    13.    Nothing in this order shall be deemed to require the United States to provide particular discovery at a time or in a fashion inconsistent with applicable case law, Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

///

///

PROTECTIVE ORDER - 4
*United States v. Sheeran, et al.*, CR24-184-RSM-1-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204
(503) 727-1000

1  The failure to designate any materials as Protected Material shall not constitute a waiver
2  of a party's assertion that the materials are covered by this Protective Order.

4      DATED this ___ day of ___Nov___, 2024.

7                              RICARDO S. MARTINEZ
8                              United States District Court Judge

9  Presented by:

11 /s/ Robert S. Trisotto
   ROBERT S. TRISOTTO
12 Special Attorney, Acting Under
   Authority Conferred by 28 U.S.C. § 515
13 CINDY CHANG
14 Assistant United States Attorney

PROTECTIVE ORDER - 5
United States v. Sheeran, et al., CR24-184-RSM-1-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204
(503) 727-1000